———o●o———

RENARD and others *vs.* GRAYDON and others.

An assignment for the benefit of creditors reserving nothing to the assignors and containing no provisions that the law holds sufficient to vitiate it, is not to be adjudged fraudulent and void because of a clause preferring certain creditors who had previously signed a composition deed agreeing to take fifty cents on the dollar and release the assignors; where it is found that the compositon deed and the assignment were separate and distinct transactions, and were not part of one original plan or agreement, or to be construed with reference to each other.

APPEAL from a judgment entered at a special term, dismissing the plaintiffs' complaint. The action was brought by judgment creditors of the firm of Graydon, McCreery & Co. to set aside a general assignment made by them, dated, acknowledged and filed May 7, 1861, to John C.

Martin and John W. Graydon, claimed by the plaintiffs to make a fraudulent preference to Samuel Graydon, to whom they also alleged that Graydon, McCreery & Co. had made a fraudulent transfer of property, also sought to be set aside. The defendants were the assignors, assignees and Samuel Graydon. The grounds on which plaintiffs by their complaint claimed to set aside the assignment, were, 1. That there was no actual or continued change of possession of the assigned property. 2. That the assignors, in contemplation of their assignment, provided money to Samuel Graydon with which he purchased $86,675.54 of their business paper from different creditors, at rates under 50 cents on the dollar, under an agreement with the assignors that he should purchase the same for their use, and be preferred for their benefit in the assignment for the full amount of such paper, and that he was so preferred. No evidence was offered to sustain the first charge. The second the plaintiffs modified on the trial, to the claim that Samuel Graydon, before the assignment, and after Gordon, McCreery & Co.'s failure, purchased their notes at a discount, which were preferred to him in full, and also secured by collaterals, which showed a secret trust on his part for the benefit of the assignors. The action was tried at the circuit before the court without a jury. On the trial the plaintiffs also contended that the assignment was fraudulent, because it preferred certain creditors, who had previously signed a paper, agreeing to compromise with the assignors at fifty per cent, payable at an average of twelve months, from April 1, 1861, and to release the assignors if they should eventually, by preference in an assignment, if the assignors should find it necessary to make one, or in any other way receive payment of the compromise.

The facts as found by the justice were as follows:

1. That the plaintiffs recovered the several judgments at the time, for the amounts against the defendants and the same were docketed and executions issued thereon to the sheriff of the city and county of New York, where said de-

fendants resided, and returned unsatisfied as alleged in the complaint in this action. 2. That the defendants William Graydon, James Graydon, Thomas A. McCreery, George H. Seely and William A. Scott composed the firm of Graydon, McCreery & Co. at the time alleged in the complaint. 3. That creditors of said firm of Graydon, McCreery & Co. to the amount of over $150,000 mentioned in Schedule B of their assignment, executed the following paper: "The undersigned, creditors of the firm of Graydon, McCreery & Co. in consideration of these presents and of one dollar to each of us paid, do hereby mutually agree to accept in satisfaction of our respective demands against that firm fifty per cent of the amount thereof to be paid at the average time of twelve months, (say six, nine, twelve, fifteen and eighteen months or dates equivalent thereto,) from the first day of April next. That all notes which we hold or control against them shall be deposited in the hands of William Watts, Esq. to remain until the said fifty per cent shall have been paid and then to be surrendered to Graydon, McCreery & Co. It is provided however that if the said Graydon, McCreery & Co. shall find it necessary to make an assignment or other general disposition of their property and shall secure the payment of the said fifty per cent of our debts, either by preference in such assignment (after confidential debts) or by turning out property or collaterals to secure the same, and if by such means we shall eventually receive payment to extent of said fifty per cent, then and without regard to the time above limited, such payment shall be in full discharge of our respective debts. Dated New York, March 7th, 1861." That the amounts for which such creditors are preferred by the said assignment, as stated in said Schedule B, are fifty per centum of the amounts for which such parties were creditors of Graydon, McCreery & Co. 4. That on the 7th of May, 1851, the defendants composing the firm of Graydon, McCreery & Co. executed an assignment to the defendants, John C. Martin and John W. Graydon, with certain schedules an-

nexed, a copy of which is set forth in the complaint in this action; that said assignment was afterwards and on the same day recorded in the office of the clerk of the city and county of New York. 5. That on the 25th day of May, 1861, the said defendants composing the firm of Graydon, McCreery & Co. made and filed in the New York county clerk's office an inventory or schedule according to the act passed April 13, 1860, entitled "An act to secure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors," verified by the oaths of the assignors, according to said act, in which the debt of Samuel Graydon of $86,675.54, preferred in said assignment, is set forth. 6. That many of the promissory notes of which the said debt consisted were purchased by the said Samuel Graydon of the holders thereof, respectively, some in the month of March and one lot on the eleventh day of April, 1861, before the execution of said assignment, at the rate of from thirty-five to fifty per cent on the dollar; that none of such notes were purchased by the firm of Graydon, McCreery & Co. or either member thereof, and that the purchase of such notes was not, nor was the purchase of any or either of them for the use or benefit of, or made by or with money furnished by Graydon, McCreery & Co. or either of them, or on any agreement that they or any or either of them should be preferred in any assignment by Graydon, McCreery & Co. for the full amount thereof or for any amount, or that the same or any or either of them should be held by said Samuel Graydon in trust for the use of said Graydon, McCreery & Co. any or either of them. That said assignment was not made in pursuance of any agreement, that the said notes or any or either of them should be preferred therein; nor was there any agreement between the said assignors and Samuel Graydon, that they would make an assignment preferring him to any amount or for any thing. 7. That the defendants William Graydon, James Graydon, John W. Graydon and Samuel Graydon are brothers; that the defendants John W. Graydon and Samuel

Renard *v.* Graydon.

Graydon were members of the firm of Graydon, Swanwick & Co. and that the defendant John C. Martin is a brother-in-law of William Graydon and also married a niece of said William Graydon. 8. That the plaintiffs were respectively creditors of the defendants composing the firm of Graydon, McCreery & Co. as such partners at the time of the execution of said assignment for the debts for which they respectively recovered the said judgments against said defendants. 9. That the said instrument bearing date the 7th of March, 1861, and the said assignment bearing date the 7th of May, 1861, were separate and distinct transactions and were not parts of one original plan or agreement; that neither of said instruments entered into or formed part of or should be construed with reference to the other. 10. That the said assignment was not made by said Graydon, McCreery & Co. with intent to hinder, delay or defraud their creditors or the plaintiffs, or in trust for the use of the assignors, or by collusion with the assignees or said Samuel Graydon, and that the same was not fraudulent and void. The judge found, as conclusions of law: 1. That said instrument of the 7th of March, 1861, and the assignment of the 7th of May, 1861, are and were separate and distinct transactions, and that said assignment should not be construed with reference to the said instrument as entering into or forming part thereof. 2. That the complaint of the plaintiffs should be dismissed with costs, and that the defendants have an allowance of two hundred dollars.

*C. Bainbridge Smith,* for the appellants.

*Walter Edwards,* for Samuel Graydon.

*Man & Parsons,* for the other defendants.

*By the Court,* INGRAHAM, J. This action is brought to set aside an assignment. The ground upon which the plain-

Renard *v.* Graydon.

tiffs mainly rely is that the assignment prefers certain persons who had previously signed a composition deed, agreeing to take fifty cents on the dollar and release the assignors. The judge before whom the case was tried has found that the composition deed and the assignment were separate and distinct transactions, and were not part of one original plan or agreement; and that neither of said instruments entered into or formed part of, or should be construed with reference to, the other. He also finds that the assignment was not made with intent to hinder, delay or defraud their creditors, or for the use of the assignors, or by collusion. The complaint was dismissed, and the plaintiffs appealed.

There can be no doubt that the judge committed no error as to the law, if he is correct as to the findings of fact, in this case. The assignment, by itself, contains nothing that would render it void. It is a simple assignment for the benefit of creditors, giving preferences, and containing no provisions that the law holds sufficient to vitiate it. The only ground therefore would be to bring it within the case of *Spaulding* v. *Strang*, (36 *Barb.* 310,) in which the assignment was held void, in a similar case, but in which the judge found that the composition deed and the assignment were but one transaction, and were to be construed together. The difficulty in so holding in this case is that the judge before whom the case was tried has found otherwise. The question was one, mainly, of intent; and the testimony submitted to the court on the trial was such as left it to the judge to decide upon it as a matter of fact, so that his finding either way ought not to be reversed on appeal. It may be that the judge before whom this case was tried took a different view of the intent and motives of the parties from the conclusions of the judge in the case of *Spaulding* v. *Strang*, and yet it is no ground of appeal, any more than where juries differ as to the facts in cases very similar. It is only where the finding of fact is clearly against the weight of evidence that such findings should be disturbed on appeal.

A difference of opinion upon the facts, by the appellate court, does not warrant us in reversing the judgment. I do not agree with the plaintiff's counsel that the evidence is conclusive against the defendants on this point, although I am free to say that from an examination of the evidence I should hesitate about coming to the same conclusion.

This difference of the finding of facts draws the distinction between the present case and that of *Spaulding* v. *Strong,* and renders the decision in that case inapplicable here. There the two instruments were found to be one transaction, to be construed together, and in this case they were found to be separate and distinct, and formed no part of each other. With this finding, we cannot say, as matter of law, that the assignment is void upon its face, or that it is to be declared void for any thing contained in the composition deed which the judge finds is not connected with it and forms no part of it.

The offer to prove what Samuel Graydon said, as to his object in buying up the notes of the assignors, was properly excluded. There was no offer to show that he was acting for them, in the matter, or under agreement with them. It was immaterial whether Samuel bought up the paper with a view of enabling the firm to compromise their debts, if the transaction formed no part of an agreement under which the assignment was executed.

The evidence of threats made by the assignors to their creditors to induce them to sign composition deeds was excluded on the trial, and is sought to be sustained upon the ground that no such charge is made in the complaint. Independent of this objection I should be of the opinion that such evidence was admissible, as tending to connect the composition deed with the assignment, and bearing upon the question whether they were or were not to be considered one instrument. The defendant had a right to know the grounds upon which the plaintiffs sought to set aside the assignment, and if they relied upon such threats, should have made the proper

allegations in the complaint to warrant the introduction of the testimony. This is the only ground upon which the exclusion of the evidence can be sustained; and upon this point I entertain some doubt, but do not feel warranted on that account to set aside the judgment.

Judgment affirmed.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Ingraham* and *Clerke,* Justices.]