## SUPREME COURT.

PIERRE F. RENARD and others agt. WILLIAM MAYDORE and others.

Where an *assignment for the benefit of creditors* prefers certain creditors who had previously required a *composition deed,* agreeing to take fifty cents on the dollar and release the assignors, the assignment for that reason is not to be adjudged fraudulent and void, where it is found that the composition deed and the assignment are *separate and distinct transactions,* and were not part of one original plan or agreement, and that neither of the instruments entered into or formed part of the other, and were not to be construed together.

(*This case differs from Spaulding agt. Strang,* (36 *Barb.,* 310,) *as in that case it was found that the composition deed and the assignment were but one transaction, and were to be construed together.*)

*New York General Term, June,* 1863.

INGRAHAM, CLERKE and LEONARD, *Justices.*

THE facts will sufficiently appear in the opinion of the court.

Renard agt. Maydore.

By the court, INGRAHAM, Justice. This action is brought to set aside an assignment. The ground upon which the plaintiffs mainly rely is, that the assignment prefers certain persons who had previously required a composition deed, agreeing to take fifty cents on the dollar, and release the assignors.

The judge before whom the case was tried has found that the composition deed and the assignment were separate and distinct transactions, and were not part of one original plan or agreement, and that neither of said instruments entered into or formed part of, or should be construed with reference to the other. He also finds that the assignment was not made with intent to hinder, delay or defraud their creditors, or for the use of the assignors, or by collusion. The complaint was dismissed, and the plaintiffs appealed.

There can be no doubt that the judge committed no error as to the law, if he is correct as to the findings of fact in this case. The assignment by itself contains nothing that would render it void. It is a simple assignment for the benefit of creditors, giving preferences, but reserving nothing to the debtors, and containing no provisions that the law holds sufficient to vitiate it.

The only ground, therefore, would be to bring it within the case of *Spaulding* agt. *Strang*, (36 *Barb.*, 310,) in which the assigment was held void, in a similar case, but in which the judge found that the composition deed and the assignment were but one transaction, and were to be construed together. The difficulty in so holding, in this case, is, that the judge before whom the case was tried has found otherwise. The question was one mainly of intent, and the testimony submitted to the court in the trial was such as left it to the judge to decide upon it as a matter of fact, so that his finding either way ought not to be reversed on appeal. It may be that the judge before whom this case was tried took a different view of the

intent and motives of the parties from the conclusions of the judge in the case of *Spaulding* agt. *Strang*, and yet it is no ground of appeal any more than where juries differ as to the facts in cases very similar. It is only where the finding of fact is clearly against the weight of evidence that such finding should be disturbed on appeal. A difference of opinion upon the facts by the appellate court does not warrant us in reversing the judgment. I do not agree with the plaintiffs' counsel that the evidence is conclusive against the defendants on this point, although I am free to say that, from an examination of the evidence, I should hesitate about coming to the same conclusion.

This difference of the finding of facts draws the distinction between the present case and that of *Spaulding* agt. *Strang*, and renders the decision of that case inapplicable here. There the two instruments were found to be one transaction, to be construed together, and in this case they were found to be separate and distinct, and formed no part of each other. With this finding we cannot say, as matter of law, that the assignment is void upon its face, or that it is to be declared void for anything contained in the composition deed, which the judge finds is not connected with it and forms no part of it.

The offer to prove what Samuel Graydon said, as to his object in buying up the notes of the assignees, was properly excluded.

There was no offer to show that he was acting for them in the matter, or under any agreement with them. It was very immaterial whether Samuel bought up the paper with a view of enabling the firm to compromise their debts, if the transaction formed no part of the agreement under which the assignment was executed.

The evidence of threats made by the assignees to their creditors, to induce them to sign composition deeds, was excluded on the trial, and is sought to be sustained upon

the ground that no such charge is made in the complaint. Independent of this objection, I should be of the opinion that such evidence was admissible, as tending to connect the composition deed with the assignment, and bearing upon the question whether they were or were not to be considered one instrument. The defendants had a right, to know the grounds upon which the plaintiffs sought to set aside the assignment, and, if they relied upon such threats, should have made the proper allegations in the complaint to warrant the introduction of the testimony. This is the only ground upon which the exclusion of the evidence can be sustained, and upon this point I entertain some doubt, but do not feel warranted on that account to set aside the judgment.

Judgment affirmed.